UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

In re: Kevin Colin Doherty,                         Case No. 20-31088-KLP

Kevin Colin Doherty,
    Plaintiff,

v.                                                  Adv. Pro. No. 21-03005-KLP

Unknown,
    Defendants.

## MEMORANDUM OPINION AND ORDER

Before the Court is the motion filed by incarcerated Debtor Kevin Colin Doherty (the "Debtor") to reopen his case (the "Motion to Reopen") to pursue a dischargeability action. ECF 50. The Debtor filed his chapter 7 case on February 28, 2020, and received a chapter 7 discharge on August 12, 2020. However, the Debtor's case is not closed.[1] Therefore, the Motion to Reopen will be denied as moot.

Also before the Court is the Debtor's Motion to Discharge Certain Debts Due to Hardship (the "Dischargeability Motion"). ECF 51. However, a request to have a debt declared nondischargeable must be filed as an adversary proceeding. *See* Bankruptcy Rule 7001(6), Fed. R. Bankr. P. 7001(6). The Dischargeability Motion must therefore be denied as well. The Debtor has also filed a separate complaint (the "Complaint") seeking to have

---

[1] The Debtor's case was initially dismissed and subsequently closed, but the dismissal was vacated and the case reopened by order entered July 28, 2020. ECF 42.

1

his student loan indebtedness declared nondischargeable under § 523(a)(8) of the Bankruptcy Code, 11 U.S.C. § 523(a)(8).[2] This being the appropriate procedure to use when seeking such relief from the Court, the Court will address the Debtor's Complaint.

Section 523(a) provides that a chapter 7 discharge does not discharge a debtor from certain debts. Subsection (a)(8)(A)(1) excludes from discharge "an education benefit . . . loan made, insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution." This exclusion may be overridden if "excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and debtor's dependents." 11 U.S.C. § 523(a)(8).

In the Complaint, the Debtor asks the Court to find that his educational loans are nondischargeable because to require repayment would constitute an undue hardship. In support of the Complaint, the Debtor filed a declaration on the Adversary Proceeding's docket, signed by him under the penalty of perjury, that set forth his income as an incarcerated individual. In that declaration, he stated that he will be incarcerated until at least 2025 and perhaps until 2041. ECF 2.

After the Debtor filed the Complaint, the Court issued a summons and notice setting a pre-trial conference on April 14, 2021. Upon receipt of the

---

[2] The Complaint initiated Adversary Proceeding 21-03005-KLP.

summons, the Debtor filed a motion asking the Court to "Order [the Debtor's] Appearance or to Make Alternative Appearance Options Available for 4/14/2021 Proceeding" (the "Appearance Motion."). In the Appearance Motion, the Debtor asked the Court to order the warden at the correctional institution where the Debtor is being held to provide a means by which he might attend the pre-trial conference. The Court interprets this request as also being a request to order the warden to accommodate the Debtor's further electronic or transportation needs in the Adversary Proceeding. The Court declines to so do for the reasons set forth below.

It is not the practice of this Court to interfere with the way state correctional officials perform their duties. If the Debtor has issues with the way in which the correctional institution impedes him in his efforts to pursue this civil litigation, he should take that up with the institution directly, or in a court having jurisdiction to hear prisoner complaints.

It is not guaranteed that the Debtor has a constitutional right to pursue a civil suit while imprisoned. As pointed out in *Futch v. Roberts (In re Roberts)*, Adversary No. 06–04028, 2007 WL 7022207, at *1 (Bankr. S.D. Ga. Feb. 8, 2007):

> In *Lewis v. Casey*, 518 U.S. 343, 355, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996), the court stated that a prisoner's right of access to the courts "does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." While a prisoner's right of access to the court includes the ability to "attack their sentences, directly or collaterally, and to challenge the conditions of their confinement," the impairment of "any other litigating capacity is simply one of the

3

incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id*. Courts have read *Lewis* to conclude that prisoners do not have a constitutional right of access to the courts for the litigation of unrelated civil claims.

Separate from the issue of access to the Court, the Court notes that the Complaint is not in the format of a Complaint but rather is in the format of a motion. There is no indication of who the defendant(s) are, and there is no indication that any defendants have been served. This is a requirement for any complaint filed initiating an adversary proceeding. *See* Federal Rule of Civil Procedure 4(a)(1)(A), 4(c)(1), Fed. R. Civ P. 4(a)(1)(A), 4(c)(1), made applicable by Rule 7004(a)(1) of the Federal Rules of Bankruptcy Procedure, Fed. R. Bankr. P. 7004(a)(1). Because of this failure, the Court has no evidence that the unknown defendants have any knowledge of this Adversary Proceeding and the requirement that they file a timely answer.

Further, the burden is on the Debtor to prove that it would be an undue hardship upon him if the educational loan(s) at issue were not discharged. Dischargeability of the loan must be established by the preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 291 (1991). Because the Debtor has pled in the Appearance Motion that he is unable to attend any hearings, whether in person or by Zoom, the Court finds that whether he will be able to carry his burden of proof is problematic.

Despite all the deficiencies set forth above, the Debtor is not without recourse. Federal Rule of Civil Procedure 4(m), Fed. R. Civ. P. 4(m), made applicable by Bankruptcy Rule 7004(a)(1) (Rule 4), provides in part that:

4

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. *But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.*

*Id.* (emphasis added).

Because of the Debtor's situation, the Court will not dismiss the Complaint but instead will afford the Debtor the opportunity to amend it to address the deficiencies raised in this opinion. Among other things, in the Complaint, the Debtor must identify the potential defendants with particularity, and he must identify the debts at issue. In addition, the Debtor must serve the defendants in accordance with the Bankruptcy Rules and provide evidence of that service to the Court. The Debtor must also determine whether he will be able to satisfy his burden of proof, as set forth in *Educ. Credit Mgmt. Corp. v. Frushour (In re Frushour)*, 433 F.3d 393, 400 (4th Cir. 2005) (citing *Brunner v. N.Y. State Higher Educ. Servs. Corp. (In re Brunner)*,

5

831 F.2d 395, 396 (2d Cir. 1987)),[3] considering the constraints of his incarceration.[4]

The Debtor must take these corrective actions within ninety days from the date of this Memorandum Opinion and Order. If the Debtor fails to take such action, the Complaint will be dismissed without prejudice to the Debtor's refiling it when he has successfully addressed those deficiencies. Accordingly,

IT IS ORDERED that the Motion to Reopen is DENIED, and it is further

ORDERED that the Dischargeability Motion is DENIED, and it is further

ORDERED that the Appearance Motion is DENIED, and it is further

ORDERED that the Debtor must amend the Complaint and address the other deficiencies enumerated herein within ninety (90) days of the date of this Memorandum Opinion and Order. If the Debtor fails to take such

---

[3] The Brunner undue hardship test requires the debtor to show that:
1) the debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for herself and her dependents if forced to repay the loans;
2) that additional circumstances exist indicating that this situation is likely to persist for a significant portion of the repayment period of the student loans; and
3) that the debtor has made good faith efforts to repay the loans.

*Brunner v. N.Y. State Higher Educ. Servs. Corp. (In re Brunner)*, 831 F.2d 395, 396 (2d Cir. 1987).

[4] In the alternative, the Debtor may also dismiss and refile his Complaint later, bearing in mind that he must still address the deficiencies enumerated herein, and that such a course of action may have consequences as to the filing fee required.

6

action, the Complaint will be dismissed without prejudice to the Debtor's refiling it in the future.

Signed: March 2, 2022                       /s/ Keith L. Phillips
                                          United States Bankruptcy Judge

Entered on Docket: March 2, 2022

Copies to:

Kevin Colin Doherty
Lunenberg Correctional Center
690 Falls Rd
Victoria, VA 23974

Bruce E. Robinson, trustee
P.O. Box 538
South Hill, VA 23970-0538